IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-00226-01-CR-W-HFS |
| ) | |
| CHARLES V. BAI, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending is Defendant Charles V. Bai's Motion to Reconsider Detention Order filed on October 30, 2020. Doc. 29. Defendant's motion references the Government's opposition. *See id.* at 2. For the reasons discussed below, Defendant's motion is denied.

### I. Background

Defendant is charged by superseding indictment with one count of conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (Count One); two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Two and Nine); one count of willfully injuring property of the United States in violation of 18 U.S.C. § 1361 (Count Three); three counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Counts Four, Eight and Ten); two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts Five and Eleven); one count of carjacking in violation of 18 U.S.C. §§ 2119(1) and 2 (Count Six); and one count of using,

carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Seven). Doc. 30.[1]

On August 25, 2020, United States Magistrate Judge John Maughmer conducted a detention hearing. The Court found there were no conditions or combination of conditions which would reasonably assure Defendant's appearance and the safety of any other person and the community. Doc. 8, at 3. The Court considered and rejected alternatives to detention including home arrest and a daily reporting scheme. *Id.* The detention order cited several factors including Defendant's "extensive history" of felony convictions, his prior felony conviction in this Court for being a felon in possession of a firearm, and his history of poor adjustment to prior court supervision. *Id.* at 2. The Court also referenced the gravity of the offenses and the substantial potential penalties.[2] *Id.* at 3.

## II.     Discussion

Defendant's motion seeks to reopen the detention hearing. The Bail Reform Act provides the Court with discretion to reopen a detention hearing at any time before trial if the judicial officer finds "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). By its express terms, reconsideration under section 3142(f) is only

---

[1] The charges against Defendant at the time of the detention hearing were two counts of being a felon in possession of a firearm and one count of possession with intent to distribute methamphetamine. *See* Doc. 1. The subsequent indictments added charges related to multiple firearms offenses and carjacking. Docs. 10, 30. The firearms offenses in violation of 18 U.S.C. § 924(c) carry a mandatory minimum sentence of either five years (Counts Four, Eight and Ten) or seven years (Count Seven), and a maximum sentence of up to life imprisonment. *Id.*

[2] The gravity of the offenses and the potential penalties increased significantly with the addition of the carjacking and multiple firearms offenses in subsequent indictments.

2

permissible when new information would materially influence the detention judgment. Reconsideration is permissible "only when there is new information that would materially influence the judgment about whether there are conditions of release that will reasonably assure that the defendant will not flee and will not harm any other person or the community." *See, e.g., United States v. Cisneros,* 328 F.3d 610, 614 (10th Cir. 2003).

Defendant argues that new information exists that was not known at the time of the detention hearing, including he now has a home plan, a potential job at a cleaning company, and two potential cosigners for a bond. Doc. 29 at 2. After reviewing the pretrial services report, the Detention Order, Defendant's pending motion, and character reference materials provided by defense counsel, the Court finds the newly proffered information has no material bearing on the issue of whether conditions of release exist that will reasonably assure the safety of the community and Defendant's appearance.

Assuming the new information is true, the motion fails to establish how a home plan, a job, or a cosigner would reasonably assure the safety of the community. The considerations that informed the Court's initial detention order--that Defendant presents a risk to the community--have not changed and will not change with the new information proffered by Defendant. Defendant has multiple prior felony convictions. His prior criminal history includes violence, drugs, and possession of weapons. He has consistently displayed poor adjustment to court supervision. And he has a history of substance abuse.

In this Court, Defendant was sentenced in 2015 to 30 months' imprisonment for being a felon in possession of a firearm. *United States v. Charles Bai,* Case No. 14-00254-01-CR-W-RK (Doc. 25). After his release from federal prison, Defendant violated his supervised release conditions on seven occasions. On February 22, 2017, the Court found Defendant violated the

3

conditions of his supervised release and sentenced him to an additional term of imprisonment of eight months, followed by eighteen months of an additional term of supervision. *Id*. (Doc. 44). On December 20, 2017, Defendant was again found in violation of his supervised release conditions and sentenced to an additional term of imprisonment of six months. *Id*. (Doc. 56). His adjustment to federal supervision in this Court was poor.

The Court is firmly convinced that no condition or combinations of conditions will reasonably assure the appearance of Defendant or the safety of the community, even when considering the newly proffered information. Defendant has shown a propensity to engage in criminal behavior for much of his adult life. The newly proffered information cannot overcome the clear and convincing evidence of the risk to the safety of the community. There is also a risk of flight as Defendant has prior history of failing to appear for required court appearances.

The Bail Reform Act also establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community when there is probable cause to believe a defendant has committed either an offense for which the maximum term of imprisonment is ten years or more under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) or a section 924(c) offense. *See* 18 U.S.C. § 3142(e)(3)(A) and (B). Here, Counts One, Two, Four, Seven Eight, Nine, and Ten of the superseding indictment trigger the rebuttable presumption of detention in section 3142(e)(3). The newly proffered information is insufficient to rebut the statutory presumption of detention.

Because the Court finds the new information does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of the community, the Court declines to reopen the detention hearing. *See* 18 U.S.C. § 3142(f).

4

Case 4:20-cr-00226-HFS   Document 34   Filed 12/03/20   Page 4 of 5

Based on the foregoing, Defendant's Motion for Reconsideration of Detention Order (Doc. 29) is DENIED.  Defendant shall remain detained in the custody of the United States Marshal.

**IT IS SO ORDERED.**

DATE: December 3, 2020                     */s/ W. Brian Gaddy*
                                            W. BRIAN GADDY
                                            UNITED STATES MAGISTRATE JUDGE